1832.

VAN WAGE-
NEN
*v.*
MURRAY.

</div>

### VAN WAGENEN *vs.* MURRAY.

Where a complainant, after the defendant has submitted to answer some of the exceptions, amends his bill by inserting matter which also requires to be answered, he has twenty dáys under the 50th Rule to file new exceptions to a further answer for insufficiency, as respects the amendment.

EXCEPTIONS to the defendant's answer were taken for insufficiency. One of them was submitted to, while the others were referred. The master considered the latter as not well taken and was prepared so to report—principally upon the ground, as to one or more of them, that, although there was an interrogatory, still there was not a sufficient foundation for the exception in the charging part of the bill. Upon ascertaining this to be the case, the complainant regularly amended his bill and served a copy of the amendment, in order that the defendant might answer this and the exception submitted to at the same time. The master's report, disallowing the other exceptions, was afterwards filed and an order of confirmation entered.

<div align="right">

*April* 9,
1832.

*Practice.*
*Time when*
*answer is suf-*
*ficient after*
*exceptions and*
*amendment.*

</div>

On the twelfth day of January one thousand eight hundred and thirty-two, the defendant put in a further answer to the matters of the one exception and amendment; and, after waiting twenty days, noticed the cause for hearing on bill and answer.

After receiving the notice of hearing, but within thirty days from the same twelfth day of January, the complainant filed a replication and tendered a copy, which the defendant refused to accept.

Mr. *G. G. Van Wagenen*, on the part of the complainant, moved, upon an affidavit of the facts, to have the cause stricken from the calendar, and that the defendant be required to receive a replication.

Mr. *Murray Hoffman* and Mr. *George W. Giles*, for the defendant.

THE VICE-CHANCELLOR. The question in this case is, whether the answer was to be deemed sufficient at the expiration of ten days under the 52d Rule, or, at the end of twenty days under the 50th Rule : for the complainant has ten days after it is deemed sufficient within which to reply.

In the case of the *Bennington Iron Company* v. *Campbell*, 2 *Paige's C. R.* 160, the Chancellor explains the course to be taken in regard to exceptions. He follows the English practice, as settled by recent decisions; and, appears to me, virtually, to have decided the question now presented. He says, where exceptions and amendments are answered together, if neither are fully answered, the complainant is only at liberty to file new exceptions founded on the new matter introduced into the bill by such amendments, and the answers will then be referred on the new exceptions and upon such of the old ones as the complainant may think have not been fully answered; the same to be specified in the order of reference. In this opinion he refers to the case of *Williams* v. *Davies*, 1 *S. & S.* 426, (which is to the same effect.) And he also says, " in such cases the " complainant must wait until the new exceptions are filed " and then refer both together in the same order, if the new " exceptions are not submitted to within the eight days allowed " for that purpose. Where the new exceptions are submitted " to, the answer must be referred on the old exceptions, or some " of them, within ten days thereafter or it will be deemed suf- " ficient." Since, then, there is to be but one order of reference upon old and new exceptions to the further answer where new exceptions are permitted to be taken, and the complainant must wait until new exceptions are filed and until the defendant has had eight days in which to determine whether he will submit

to them before the order of reference is entered, it appears to me the complainant is not limited to the ten days allowed by the 52d Rule, (which is merely for the purpose of referring upon old exceptions,) when he is at liberty to add new exceptions founded upon the new matter introduced into the bill; and this is rendered still clearer by the consideration, that the party has ten days in which to refer old exceptions after he receives notice of the defendant's submitting to answer new exceptions, if any are taken.

I, therefore, have no doubt but the Chancellor meant to be understood, that whenever a complainant is entitled to take exceptions to a further answer, founded upon new matter in his bill, he has the same time as he originally had to take exceptions to the first answer; and if, when he refers, he thinks proper to refer upon the old exceptions also, he is at liberty so to do, although twenty days may have elapsed from the filing of the further answer.

But, it is said, even if this is the practice, the present case is not one in which it ought to prevail: because the amendment, being introduced merely for the purpose of laying a foundation for the exceptions, which had already been taken and disallowed for the want of that foundation, there was no necessity for new exceptions, even if the answer was insufficient; and that, if there was any difficulty in referring it upon such exceptions, an application should have been made to the court. But I do not perceive how the exceptions previously taken and disallowed can again be referred. They certainly cannot, without the special leave of the court; and I know of no rule which requires the complainant to take such a course.

Besides, after the matters of an exception, which is disallowed, are introduced by way of amendment into the bill, and are then only insufficiently answered, the exception, as originally framed, might not be adapted to the case as, presented by the further answer. They might be too broad or not sufficiently pointed to show the insufficiency of the second answer; and while, purporting to be exceptions to the first answer, there would be an incongruity in acting upon them as exceptions to a

1832.

VAN WAGE-
NEN
v.
MURRAY.

41

second answer, unless they should previously have undergone some change or alteration.

The case of *Irving* v. *Viana*, 1 *M'Clel. & Y.* 563, shows there may be cases in which an application to the court may be necessary. At the same time, it is important to abide by general rules; and I see no reason, in the present instance, for departing from what I think was intended to be established as a matter of practice; namely, that where a further answer is put in to amendments and exceptions together, the answer is not to be deemed sufficient at the expiration of ten days, but the complainant is to have twenty days, according to the 50th Rule, to file new exceptions to such further answer: founded, however, upon the new matter of his bill. Consequently, the replication was filed in time, and the defendant was irregular in setting the cause down for hearing on bill and answer.

As this motion arises upon a matter of practice not well understood and in which both parties have acted in good faith, I shall not give costs against the defendant, except as costs in the cause. But, if he succeeds in the end, he must not charge the complainant with the costs of resisting this motion or of setting the cause down as before mentioned.